894 F.2d 333
 133 L.R.R.M. (BNA) 2469
 DEPARTMENT OF HEALTH & HUMAN SERVICES, REGION IX, SAN
FRANCISCO, CALIFORNIA, Petitioner,
v.
FEDERAL LABOR RELATIONS AUTHORITY, Respondent.
FEDERAL LABOR RELATIONS AUTHORITY, Petitioner,
v.
DEPARTMENT OF HEALTH & HUMAN SERVICES, REGION IX, SAN
FRANCISCO, CALIFORNIA, Respondent.
 Nos. 88-7192, 88-7236.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 10, 1989.
Decided Jan. 22, 1990.
 
 Peter R. Maier, Washington, D.C., for petitioner-respondent.
 Robert J. Englehart, Washington, D.C., for respondent-petitioner.
 Appeal from the Federal Labor Relations Authority.
 Before BROWNING, HALL, and LEAVY, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Department of Health and Human Services (HHS) petitions for review of an order issued by the Federal Labor Relations Authority (FLRA) requiring HHS to bargain collectively with the National Treasury Employees Union (NTEU) over a proposal that would subject to binding arbitration adverse employment action taken with respect to nonpreference eligible excepted service (NEES) employees.
 
 
 2
 The precise question has been considered by the Courts of Appeals for the Seventh and District of Columbia Circuits. Unanimous panels of both courts reversed the FLRA on the ground that the legislative history and structure of the Civil Service Reform Act indicated Congress intended NEES employees to have no right to arbitral review of adverse personnel actions. Department of the Treasury v. FLRA, 873 F.2d 1467 (D.C.Cir.1989); Department of HHS v. FLRA, 858 F.2d 1278 (7th Cir.1988). We have considered carefully the views of the Seventh and District of Columbia Circuits and the arguments of the parties herein, and conclude the other circuits' interpretation of the statute is correct.[1]
 
 
 3
 The order of the FLRA is REVERSED.
 
 
 
 [1]
 "Absent some good reason to do so, we are disinclined to create a direct conflict with another circuit," United States v. Larm, 824 F.2d 780, 784 (9th Cir.1987), especially in "an area of federal law which calls for uniformity." Ward v. Department of Labor, 726 F.2d 516, 518 (9th Cir.1984); see also United States v. Gwaltney, 790 F.2d 1378, 1388 n. 4 (9th Cir.1986) (citing cases); cf. USA Petroleum Co. v. Atlantic Richfield Co., 859 F.2d 687, 697 n. 15 (9th Cir.1988), cert. granted, --- U.S. ----, 109 S.Ct. 2446, 104 L.Ed.2d 1001 (1989) (We "give respectful attention to the views of the other circuit and carefully evaluate that circuit's analysis before settling on ours.")